United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES THOMAS

        Plaintiff,

v.

GLOBAL VISION PRODUCTS, INC., et al.,

        Defendants.
_____/

No. C 08-5581 WDB

**ORDER GRANTING MOTION FOR ABSTENTION OR REMAND AND DENYING MOTION FOR SANCTIONS**

On March 18, 2009, the Court conducted a hearing in connection with Plaintiffs' Motion for Abstention or Remand, filed January 23, 2009 ("Motion"). For the reasons stated on the record, the Court ORDERS as follows.

1. Counsel for Mr. Edelson appeared at the hearing. Mr. Edelson did not file an opposition to plaintiffs' motion or a notice of joinder with respect to Mr. DeBenedictis' opposition. The Court RULES that Mr. Edelson has waived any objections he may have to plaintiffs' motion.

2. The Court RULES that plaintiffs' Motion for Abstention or Remand was timely filed. By its terms, 28 U.S.C. §1447(c) applies only to removals made pursuant to §1446(a). Mr. DeBenedictis removed plaintiffs' state action pursuant to 28 U.S.C. §1452(a). Accordingly, §1447(c) does not control.

1

Additionally, even if §1447(c) applies to a motion to remand a case removed pursuant to §1452, plaintiffs' motion arguably is based on a contention that this Court lacks subject matter jurisdiction.  Congress has exempted motions to remand based on lack of subject matter jurisdiction from the thirty day deadline referenced in §1447(c).

Finally, if the thirty day time-limit applies to plaintiffs' Motion, plaintiffs have satisfied the requirement that they assert their objections to the removal within thirty days by filing their Motion to Shorten Time on December 31, 2008.  In their Motion to Shorten Time plaintiffs made clear that they intended to file a motion seeking remand and clearly identified the fundamental predicates of that anticipated motion.  *Northern California Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir.1995).  It was apparent that plaintiffs had no intention of waiving these objections to defendant's removal.

3.   In order for mandatory abstention under 28 U.S.C. §1334(c)(2) to apply "(a) the motion must be made on a timely basis, (b) the claim must be based on state law, (c) the claim cannot be either based on bankruptcy law or have arisen in a bankruptcy case, (d) the claim must not have been capable of being filed in a federal court absent bankruptcy jurisdiction, and (e) the claim must be capable of being timely adjudicated in state court."  *Bally Total Fitness Corp., v. Contra Costa Retail Center*, 384 B.R. 566, 570 (Bk. N.D. Cal. 2008).

The Court FINDS as follows.  Plaintiffs' claims are matters of state law.  Because plaintiffs' claims were filed before Global filed its bankruptcy case it is clear that plaintiffs' claims are not "core" proceedings.  There is no basis for finding federal jurisdiction independent of bankruptcy jurisdiction under §1334(b).  In part by virtue of the stipulated remand of plaintiffs' claims against defendants other than Mr. DeBenedictis and Mr. Edelson, a proceeding is pending in state court to which the removed claims can be returned and in which they can be timely

1  adjudicated.  Accordingly, this matter satisfies the elements of mandatory
2  abstention.

3      4.   In order to determine whether permissive abstention under 28 U.S.C.
4  §1334(c)(1) is appropriate the Court considers the following factors, "(a) the effect
5  of the action on the administration of the estate, (b) the extent to which issues of
6  state law predominate, (c) the difficulty of applicable state law, [(d)] comity, [(e)]
7  the relatedness or remoteness of the action to the bankruptcy case, [(f)] the
8  existence of a right to a jury trial, and [(g)] prejudice to the party involuntarily
9  removed from state court."   *Bally Fitness*, 384 B.R. at 572.

10     The Court FINDS as follows.  In light of the settlement agreement between
11 Global's Trustee and plaintiffs resolving plaintiffs' claims against Global, the effect
12 of plaintiffs' action on administration of the bankruptcy estate is minimal.  Issues
13 of state law predominate, and their difficulty is not insubstantial.  Interests of
14 comity fully weigh in favor of abstention.  The state action is only remotely related
15 to the bankruptcy case.  The question of a right to a jury trial is moot as nothing
16 remains for the bankruptcy court to consider.  Failure to abstain could prejudice
17 plaintiffs substantially by virtue of the resulting delay and the potential inability to
18 capitalize on evidentiary work completed in the state proceedings.  Accordingly,
19 the factors relating to permissive abstention favor remand.

20     5.   The Court also FINDS that the circumstances of this case weigh in
21 favor of equitable remand under 28 U.S.C. §1452(b).  In addition to the factors that
22 support abstention, considerations of judicial economy and fairness as well as the
23 risk of inconsistent judgments favor remand.

24     6.   The Court DENIES plaintiffs' request for sanctions pursuant to
25 §1447(c).  Mr. DeBenedicitis removed plaintiffs' state case on the ground that this
26 court had jurisdiction under §1334(b).  It is at least arguable that this court would
27 have jurisdiction on the basis that the state action is "related to" a case under Title
28

11.  28 U.S.C. §1334(b).  *See, Kaonohi Ohana Ltd., v. Sutherland*, 873 F.2d 1302 (9th Cir. 1989).

IT IS SO ORDERED.

Dated:  March 20, 2009

_____
WAYNE D. BRAZIL
United States Magistrate Judge